USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 18 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

-v-                                                            No. S3 04 Cr. 645 (LTS)

TEKETA THOMPKINS,

       Defendant.

-------------------------------------------------------x

### MEMORANDUM ORDER

On December 18, 2006, Defendant was found guilty after a two-week jury trial in the Southern District of New York of one count of conspiracy to commit wire fraud and launder money, five counts of wire fraud, and three counts of money laundering. The parties' familiarity with the background of this case is presumed. On March 16, 2007, Defendant moved the Court for a post-trial judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure (the "Rule 29 Motion"), and on March 27, 2007, Defendant moved the Court to inspect, *in camera*, statements made by Harvey and Lori Knotts to Bermudian law enforcement officials, or in the alternative, for an order directing the Government to disclose the witness statements to the defense.

The Court has reviewed the parties' submissions thoroughly and, for the following reasons, Defendant's application for an order directing the Government to disclose the Knotts' statements to the defense is denied, and Defendant's Rule 29 Motion is denied.

The Knotts' Statements[1]

Defendant requested that the Court review statements that had been taken by Bermudian law enforcement officials from Harvey and Lori Knotts. Defense counsel asserted that he had been told that the statements are exculpatory as to Defendant's conduct in this case, and also sought an order directing the Government to disclose the statements to the defense. By letter dated April 6, 2007, the Government represented that it had reviewed the statements of Harvey and Lori Knotts and concluded that there is nothing in those statements that could have exculpated Defendant, or more generally, affected the outcome of the trial. The Government contends that the statements are not discoverable, but has provided copies of the statements to the Court for *in camera* review.

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), "and its progeny, the Government has a duty to disclose favorable evidence known to it, even if no specific disclosure request is made by the defense." United States v. Payne, 63 F.3d 1200, 1208 (2d Cir. 1995). Nondisclosure of material that may bear on the credibility of government witnesses also falls within this general rule. Giglio v. United States, 405 U.S. 150, 154 (1972). Only evidence that is material must be disclosed under Brady. See In re United States v. Coppa, 267 F.3d 132, 141 (2d Cir. 2001) ("the current Brady law . . . imposes a disclosure obligation narrower in scope than the obligation to disclose all evidence favorable to the defendant") (citing Kyles v. Whitely, 514 U.S. 419 (1995))(internal quotation marks omitted). Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceeding would have been different. "A 'reasonable probability' is a probability sufficient to

---

[1] Copies of the Knotts' statements received by the Court will be filed under seal.

undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985).

The Court has thoroughly reviewed the submitted statements of Harvey and Lori Knotts, and finds that the statements constitute neither exculpatory material within the meaning of Brady nor, in the context of the Government's case as presented at trial, impeachment material within the meaning of Giglio. Accordingly, Defendant's application for an order directing the Government to disclose the aforementioned witness statements to the defense is denied.

Defendant's Rule 29 Motion

Pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, Defendant moves the Court to grant a judgment of acquittal. A defendant moving for a Rule 29 judgment of acquittal bears a heavy burden, as a conviction must be affirmed if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Florez, 447 F.3d 145, 154 (2d Cir. 2006) (citations and quotation marks omitted). In reviewing the sufficiency of the evidence, the Court is "obliged to view the evidence in its totality and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court." Id. at 154-155.

Defendant's Rule 29 Motion asserts, without proffering any specific record references or legal authority, that Defendant's knowledge and intent, among other elements, were not established beyond a reasonable doubt, and that, more generally, the evidence presented by the Government was insufficient to sustain convictions on each of the nine counts charged in the indictment. Defendant's arguments are conclusory and speculative, do not discuss any pertinent facts of the case or refer to and/or dispute any of the evidence presented at trial, and thus do not

satisfy Defendant's heavy burden of demonstrating that a Rule 29 judgment of acquittal is appropriate in this case.

The Court has paid careful attention to the evidence presented in this case, and finds, for substantially the reasons outlined in the Government's April 6, 2007, letter, that the evidence presented was more than sufficient to support the jury's verdict as to each count of conviction. Specifically, at trial, the Government provided substantial proof that Defendant conspired with her co-defendant, Harrison Isaac, to steal approximately $1.4 million from the Government of Bermuda by means of wire fraud and to launder those funds, from on or about August 7, 2003, up to and including in or about April 2004. Substantial proof of Defendant's guilt of the substantive wire fraud and money laundering charges was also presented. Accordingly, in light of the ample evidence supporting each of the essential elements of each of the crimes with which Defendant was charged, the jury's verdict is well supported by the evidence and Defendant's Rule 29 Motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's application for an order directing the Government to disclose the Knotts' statements to the defense is denied, and Defendant's Rule 29 Motion is denied.

Sentencing in this matter is scheduled for May 18, 2007, at 10:00 a.m.

SO ORDERED.

Dated: New York, New York
April 18, 2007

LAURA TAYLOR SWAIN
United States District Judge